RECEIVED
IN ALEXANDRIA, LA
JUN 29 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

PATRICIA GREER,
      Appellant

VERSUS

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,
      Appellee

CIVIL ACTION
NO. CV05-1656-A

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Patricia Greer filed an application for disability insurance
benefits ("DIB") on September 27, 2001, alleging a disability onset
date of April 11, 1999 (Tr. p. 95), due to lymphedema[1] of the left
leg, arm injuries (auto accident), back, neck and arm pain, and
severe leg swelling and pain (Tr. p. 111). That application was
denied by the Social Security Administration ("SSA") on May 24,
2002 (Tr. p. 67).

A de novo hearing was held before an administrative law judge
("ALJ") on January 9, 2003 (Tr. p. 30), at which Greer appeared
with her attorney and a vocational expert ("VE"). The ALJ found
that Greer suffers from "severe" "lymphedema of the left leg,
degenerative joint disease of the knees, degenerative disc disease

---

[1] Lymphedema is edema due to faulty lymphatic drainage.
MEDLINEplus Health Information, Merriam-Webster Medical
Dictionary: Lymphedema, *available at*
http://www.nlm.nih.gov/mplusdictionary.html (a service of the
U.S. National Library of Medicine and the National Institutes of
Health).

of the lumbar spine, chronic cervical pain, status post multiple fractures of the left arm and wrist, and post traumatic stress disorder" (Tr. p. 19), and cannot perform her past relevant work as a licensed practical nurse (Tr. pp. 25, 27). The ALJ further found that Greer has the residual functional capacity to lift and carry fifteen pounds occasionally and ten pounds frequently, stand and walk thirty minutes at a time up to three and one-half hours a workday, sit one hour at a time up to six hours in a workday, can perform work that is not complex and requires only limited interaction with the public, and must have the opportunity to elevate her leg periodically at work (Tr. p. 27). The ALJ concluded that, since Greer is a younger individual, with more than a high school education and transferable work skills, who can perform a significant range of light work, Greer can perform such work that is available in significant numbers in the national economy such as personal attendant, ward clerk, and dietary clerk, and therefore was not disabled, within the meaning of the Social Security Act, at any time through the date of the ALJ's decision on May 30, 2003 (Tr. p. 28).

DIB benefits were subsequently awarded to Greer beginning May 31, 2003, based on a new application for DIB filed December 15, 2003 (Tr. pp. 7, 628).

Greer requested a review of the ALJ's decision, but the Appeals Council declined to review it and the ALJ's decision became

the final decision of the Commissioner of Social Security ("the Commissioner"). Greer next filed this appeal for judicial review of the Commissioner's decision. Greer raises the following issues for judicial review on appeal (Doc. Item 9):

> 1. The ALJ did not have substantial evidence to support his decision of finding that Greer was not disabled.

> 2. The ALJ failed in his duty as it relates to the burden of the SSA in finding there are jobs available in significant numbers in the economy and that Greer could maintain the job.

The Commissioner filed a brief in response (Doc. Item 10), and Greer filed a reply brief (Doc. Item 11). Greer's appeal is now before the court for consideration.

## Eligibility for DIB

To qualify for disability insurance benefits, a plaintiff must meet certain insured status requirements, be under age 65, file an application for such benefits, and be under a disability as defined by the Social Security Act. 42 U.S.C. 416(i), 423. Establishment of a disability is contingent upon two findings. First, a plaintiff must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. 423 (d)(1)(A). Second, the impairments must render the plaintiff unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. 423(d)(2).

3

## Scope of Review

In considering Social Security appeals such as the one that is presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether there were any prejudicial legal errors. McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994), citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 482 (1971). Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole. The substantiality of the evidence must take into account whatever in the record fairly detracts from its weight. Singletary v. Bowen, 798 F.2d 818, 823 (5th Cir. 1986).

A court reviewing the Commissioner's decision may not retry factual issues, reweigh evidence, or substitute its judgment for that of the fact-finder. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987); Dellolio v. Heckler, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court. Allen v.

Schweiker, 642 F.2d 799, 801 (5th Cir. 1981). Also, Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. Dellolio, 705 F.2d at 125. But to make a finding that substantial evidence does not exist, a court must conclude that there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340 (5th Cir. 1988); Dellolio, 705 F.2d at 125.

## Findings and Conclusions

After review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), I find that there is substantial evidence in the record as a whole to support the Commissioner's decision of non-disability and the Commissioner's decision comports with all relevant legal standards. Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).

In fulfillment of Fed.R.Civ.P. rule 52, I note that the Commissioner's findings and conclusions[2] put at issue by appellant are supported by substantial evidence, which can be outlined as follows.

### Issue No. 1 - Substantial Evidence

Greer contends the ALJ did not have substantial evidence to

---

[2] The relevant findings and conclusions are located in the administrative record at Transcript pages 14-25.

support his decision of finding she was not disabled.

First, Greer contends the ALJ erred in finding she can perform the full range of sedentary work since he also found she cannot sit for more than one hour at a time. Greer appears to be under a misapprehension. In setting forth the applicable law, the ALJ stated (Tr. p. 26), "If someone can do light work, we determine that she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods." The ALJ then found that Greer can perform a limited range of light work (Tr. p. 28). The jobs enumerated by the VE were light work jobs which fit Greer's physical and mental limitations as specified by the ALJ. The ALJ did *not* conclude Greer can perform the full range of sedentary work and could not have, given his findings as to Greer's inability to sit for more than an hour at a time.

Greer also argues the ALJ erred in discounting the opinions of Dr. Picou, Dr. Richard Galloway, Dr. Daniel J. Lonowski, Dr. Tom B. Ray, Dr. John P. Sandifer, and that he gave no consideration to the reports of Dr. Galloway or Dr. Picou.

In her brief, Greer quotes seemingly favorable sentences and phrases from each medical report; when the reports themselves are examined, however, it is clear the quotes are taken out of context. Greer claims she was diagnosed with depression by Dr. Daniel J. Lonowski, a psychologist who evaluated Greer in February 2003;

6

however, he did not find Greer was unable to work due to depression (Tr. pp. 621-622), instead stating she seemed to be exaggerating both her physical and emotional problems. Dr. Tom B. Ray, a psychologist, reviewed Greer's medical records and completed a mental residual functional capacity assessment in 2002, in which he did not find any marked limitations in functioning (Tr. pp. 212-216). Neither Dr. Lonowski's nor Dr. Ray's reports supported Greer's claims.

Dr. John P. Sandifer, an orthopaedic surgeon, examined Green and made findings as to her physical limitations which were, in fact, adopted by the ALJ (Tr. pp. 27, 183-185). Therefore, Greer's claim that the ALJ discounted Dr. Sandifer's report is unsupported.

Dr. Richard H. Galloway, a licensed rehabilitation counselor, noted Greer had not received recent treatment for depression, but appeared to be depressed and recommended that she receive treatment; Dr. Galloway summarized Greer's medical history and stated he was unable to administer the usual vocational tests to Greer due to her emotional state of mind, but assumed she was of at least average intelligence (Tr. pp. 137-142). The weight to be given a physician's statement is dependent upon the extent it is supported by specific clinical findings. Elzy v. Railroad Retirement Board, 782 F.2d 1223, 1225 (5th Cir. 1986); Jones v. Heckler, 702 F.2d 616, 621 (5th Cir. 1983). An acceptable medical opinion as to disability must contain more than a mere conclusory

statement that the claimant is disabled. It must be supported by clinical or laboratory findings. Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981). Since Dr. Galloway did not conduct any tests, but only summarized Greer's medical history, assumed Greer has the physical limitations described by Dr. Picou, and stated that she "appeared" to be depressed. Since Dr. Galloway is not a medical doctor or a psychologist, his comment that Greer appeared depressed is outside his field of expertise. Therefore, his report does not constitute an "acceptable medical opinion" which supports Greer's claim. Therefore, the ALJ properly discounted Dr. Galloway's report (Tr. pp. 26-27).

Finally, Dr. Marguerite Picou, a family practitioner and one of Greer's treating physicians, stated in a letter dated January 31, 2003, that Greer cannot lift with her left arm, cannot sit or stand more than an hour at a time, cannot climb, balance, stoop, crouch, kneel, or crawl, and has trouble dropping things due to nerve damage an carpal tunnel syndrome (Tr. pp. 605-606). Dr. Picou then wrote (Tr. p. 606) "I am sure [LSU Medical Center] did many more tests on [Greer] and could give you a more objective narrative, but this is what I believe to be her problems." Far from discounting Dr. Picou's records and opinion, the ALJ discussed them extensively in his opinion and incorporated most of the limitations set forth by Dr. Picou, noting there were no medical records to support Greer's claims of nerve damage and carpal tunnel

syndrome. Greer's burden was to prove that she was disabled within the meaning of the Social Security Act. That requirement means that she must show a "medically determinable" impairment and that he is unable "to engage in substantial gainful activity". Greenspan v. Shalala, 38 F.3d 232 (5th Cir. 1994); 20 C.F.R. §423(d)(1)(A) and (d)(3); 20 C.F.R. §404.1508; 42 U.S.C. §423(d)(1)(A). Since Greer did not carry her burden of proving she has nerve damage or carpal tunnel syndrome, the ALJ did not err in discounting that part of Dr. Picou's opinion.

The ALJ also did not find Greer's testimony as to depression fully credible. The ALJ found that, although Greer has suffered from depression since about 1990, for which she has been treated and was hospitalized in 1993, the fact that she has been able to continue working "strongly suggests that the impairment would not currently prevent her from working" and noted that Greer currently received no specialized mental health treatment (Tr. pp. 24-25). The ALJ further reasoned (Tr. p. 25),

> "The undersigned has given the claimant the benefit of the doubt in concluding that she is limited to the performance of work that is not complex and does not require more than limited interaction with the public. The evidence simply does not support any greater mental limitations than these."

Finally, Greer relies on the fact that she was granted disability insurance benefits on a subsequent claim. Although Greer contends the same evidence was before the SSA on that claim, there was obviously some additional evidence relating to the time

period subsequent to the ALJ's ruling in the case at bar. A prior determination of disability is binding on all parties to the hearing and has a res judicata effect as to that record. If the Commissioner reassessed a claimant's eligibility for benefits and no new evidence was submitted after the prior decision, the earlier findings as to disability may not be overruled merely on a reappraisal of earlier evidence. Accordingly, once evidence has been presented which supports a finding that a given condition exists, it is presumed in the absence of proof to the contrary that the condition has remained unchanged. Buckley v. Heckler, 739 F.2d 1047 (5th Cir. 1984), citing Rivas v. Weinberger, 475 F.2d 255 (5th Cir. 1973). Also, Rucker v. Chater, 92 F.3d 492 (7th Cir. 1996); Taylor v. Heckler, 742 F.2d 253, 254-57 (5th Cir. 1984); James v. Gardner, 384 F.2d 784, 786 (4th Cir. 1967), cert. den., 390 U.S. 999, 88 S.Ct. 1205, 20 L.Ed.2d 99 (1968); Bain v. Heckler, 596 F.Supp. 253 (N.D.Tex. 1984). Therefore, benefits could not have been awarded to Greer based solely on the same evidence, and the fact that Greer prevailed on her later petition, based on evidence as to her condition *after* May 30, 2003, is not relevant to the issues before this court.

Therefore, substantial evidence supports the ALJ's /Commissioner's conclusion that Greer was not disabled on or before May 30, 2003.

Issue No. 2 - Available Jobs

Greer also contends the ALJ failed in his duty as it relates to the burden of the SSA in finding there are jobs which exist in significant numbers in the economy and that Greer could maintain such a job. Greer argues that her pain and depression precluded her from working 40 hours per week.

A claimant's impairments may cause physical or mental limitations that affect what he can do in a work setting. Residual functional capacity is a medical assessment, based upon all of the relevant evidence, of the work a claimant can perform despite his or her limitations. 20 C.F.R. §404.1545, §416.945. Although the burden of proof in a disability case is on the claimant to show that she is unable to perform her usual line of work, once that fact is established, the burden shifts to the Commissioner to show that the claimant is able to perform some other kind of substantial work available in the national economy. Herron v. Bowen, 788 F. 2d 1127, 1131 (5th Cir. 1986), and cases cited therein. Also, Babineaux v. Heckler, 743 F.2d 1065, 1067 (5th Cir. 1984). The Commissioner has the burden to establish a claimant's residual functional capacity. Leggett v. Chater, 67 F.3d 558, 565 (5th Cir. 1995).

When the ALJ found that Greer could not return to her past relevant work, the burden shifted to the Commissioner to show that Greer can perform other work in the national economy. Jones v. Heckler, 702 F.2d 616, 620 (5th Cir. 1983). The Fifth Circuit has

consistently held that once the ALJ determines that a claimant suffers from a nonexertional impairment that prevents him from performing his past relevant work, the Commissioner must produce expert vocational testimony or other similar evidence to establish that other jobs exist in the national economy that the claimant can perform. Fields v. Bowen, 805 F.2d 1168, 1170 (5th Cir. 1986), and cases cited therein. In this case, the VE testified that a person with Greer's physical and mental limitations could work as a personal attendant, a ward clerk, or a dietary clerk.

Greer contends, however, that her pain and depression precluded her from being able to maintain employment forty hour per week.

Although a claimant's assertion of pain or other symptoms must be considered by the ALJ, 42 U.S.C. § 423(d)(5)(A) requires that a claimant produce objective medical evidence of a condition that reasonably could be expected to produce the level of pain alleged. The mere existence of pain does not automatically create grounds for disability, and subjective evidence of pain will not take precedence over conflicting medical evidence. Harper v. Sullivan, 887 F.2d 92, 96 (5th Cir. 1989), citing Owens v. Heckler, 770 F.2d 1276, 1281 (5th Cir. 1985). The mere existence of pain is not an automatic ground for obtaining disability benefits. The factual determination of whether the claimant is able to work despite some pain is within the discretion of the Administrative Law Judge and

will be upheld if supported by substantial evidence. <u>Fortenberry v. Harris</u>, 612 F.2d 947, 950 (5th Cir. 1980).

A claimant's symptoms, including pain, will be determined to diminish a claimant's capacity for basic work activities to the extent that the claimant's alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. §404.1529(c)(4). Subjective complaints of pain must be corroborated by objective medical evidence. <u>Chambliss v. Massanari</u>, 269 F.3d 520, 522 (5th Cir. 2000). Although severe pain can constitute a nonexertional impairment, pain is a disabling condition only when it is constant, unremitting and wholly unresponsive to therapeutic treatment. <u>Chambliss</u>, 269 F.3d at 522.

While pain can be severe enough to create a disabling condition, the evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ who has had an opportunity to observe whether the person seems to be disabled. <u>Elzy v. Railroad Retirement Bd.</u>, 782 F.2d 1223, 1225 (5th Cir. 1986); <u>Loya v. Heckler</u>, 707 F.2d 211, 215 (5th Cir. 1983). The ALJ's decision on the severity of pain is entitled to considerable judicial deference. <u>James v. Bowen</u>, 793 F.2d 702, 706 (5th Cir. 1986); <u>Jones v. Bowen</u>, 829 F.2d 524, 527 (5th Cir. 1987). Such a credibility determination is within the province of the ALJ. <u>Carrier v. Sullivan</u>, 944 F.2d 243, 247 (5th Cir. 1991); <u>Wren v.</u>

<u>Sullivan</u>, 925 F.2d 123, 128-29 (5th Cir. 1991). Hence, the law requires the ALJ to make affirmative findings regarding a claimant's subjective complaints and articulate his reasons for rejecting any subjective complaints. <u>Falco v. Shalala</u>, 27 F.3d 162, 163-64 (5th Cir. 1994).

The ALJ made the following findings as to Greer's pain, depression, and credibility (Tr. pp. 23-25):

"Ms. Greer testified that she is not able to work because she cannot lift. The claimant's daily activities, however, include some lifting, as Ms. Greer takes care of her household chores and shops for groceries. Even Dr. Picou, whose opinion is much more limiting than the evidence supports, did not preclude all lifting. Though Ms. Greer may be unable to perform the lifting required of a licensed practical nurse, she has no medical condition which would preclude all lifting activity.

"As to the claimant's implication that her pain is so severe as to preclude all work activity, the evidence does not support such a conclusion. Dr. Picou reported that the claimant takes about forty-five Lortab in a month, for an average of about one and one-half pills per day for management of her pain. Further, Lortab is prescribed for the treatment of mild to moderate pain. Were the claimant experiencing the type of severe, persistent and intractable pain which is expected to preclude all work activity, surely Dr. Picou would have prescribed a medication designed to treat severe pain. The claimant's treating physician had the opportunity to evaluate the claimant's complaints of pain and assess those complaints in light of mild to moderate pain to be the most appropriate treatment. This persuasive evidence that the pain the claimant experiences is best described as mild to moderate, rather than the severe pain which is expected to disable her from all work."

"The claimant also reported that she cries 'all the time' since the murder of her sister in 1990 and referred to a 1993 hospitalization. The undersigned notes, however, that the claimant worked as a nurse until 1999. The claimant's ability to continue working while suffering

from a depression which required ongoing treatment and even hospitalization strongly suggests that the impairment would not currently prevent her from working. [Citation omitted.] Indeed, the claimant currently receives no specialized mental health treatment. Were the claimant's depression so debilitating as to preclude all work, the undersigned is persuaded that she would have sought some treatment for the problem. Her election not to seek such treatment, particularly when she was willing to receive mental health treatment in the past, is evidence that her depression is not so debilitating as to preclude all work activity. The undersigned has given the claimant the benefit of the doubt in concluding that she is limited to the performance of work that is not complex and does not require more than limited interaction with the public. The evidence simply does not support any greater mental limitations than these."

"Considering the evidence, the testimony and the above referenced criteria, the claimant has impairments that are reasonably expected to produce some pain and emotional symptoms, but the complaints suggest a greater severity of impairment than can be shown by the objective medical evidence alone. Thus, the Administrative Law Judge finds the claimant's subjective complaints are credible to the extent they are consistent with the objective medical evidence and the conclusions stated herein."

Since the ALJ in this case has made the mandatory indication of the basis for his credibility choices concerning claimant's complaints, and since his choices are not unreasonable, his finding that Greer's pain and depression would not prevent Greer from performing work is proper. Carry v. Heckler, 750 F.2d 479, 485-86 (5th Cir. 1985). Substantial evidence supports the Commissioner's conclusion that Greer was not disabled by pain and depression on or before May 30, 2003.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that

Greer's appeal be DENIED AND DISMISSED WITH PREJUDICE and that the final decision of the Commissioner be AFFIRMED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this day of June, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

16